UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAJUAN KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-2286 |
| | ) |
| CORP. BROWN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Jerome Combs Detention Center, files this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to a serious medical need and failure to protect from harm in violation of the Fourteenth Amendment. In addition, Plaintiff seeks a temporary restraining order.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that his previously prescribed psychotropic medications were discontinued at the direction of Defendant John Doe, the physician's assistant at Jerome Combs Detention Center. Plaintiff alleges that three weeks elapsed from the time the medications were discontinued until Plaintiff was seen by the physician's assistant, at which point Plaintiff tried to explain that, when administered, the dosage of the psychotropic medications was too low. As a result, Plaintiff alleges that he obtained and ingested medications from other prisoners. Plaintiff's requests to be examined by a licensed psychiatrist were denied, as were his requests to take his medications in front of the medical staff. Subsequently, Plaintiff alleges he informed the prison staff that he was having suicidal thoughts, and began cutting his arms. Over approximately the next eight (8) days, Plaintiff alleges that he was placed in a restraint chair several times without medical staff

supervision, improperly removed from suicide watch, and was denied medical treatment.

## ANALYSIS

At the time of the alleged constitutional violation, Plaintiff was a pretrial detainee at Jerome Combs Detention Center. As a pretrial detainee, a prisoner's claim alleging unconstitutional conditions of confinement is governed by the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment prohibition against cruel and unusual punishment. Mayoral v. Sheahan, 245 F.2d 934, 938 (7th Cir. 2001). Despite this distinction, there exists "little practical difference between the two standards." Id. (quoting Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)).

### Deliberate Indifference to a Serious Medical Need

Plaintiff alleges that Defendant John Doe, the physician's assistant, was deliberately indifferent to his serious mental health needs because he (Doe) discontinued Plaintiff's medications without first completing a medical assessment, refused to re-prescribe Plaintiff's psychotropic medications, and denied Plaintiff's requests to see a psychiatrist.

To prevail, Plaintiff must show that prison officials acted with deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm.  Mayoral, 245 F.3d at 938.  Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he had previously been diagnosed with schizoaffective disorder, bipolar disorder, and Post Traumatic Stress Disorder, and, therefore, has shown that he suffers from a serious medical need.  See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Plaintiff, however, has not shown that Defendant John Doe was deliberately indifferent to his medical need. Plaintiff does not allege that he received no medical treatment, only that the treatment he received was not what he desired. A mere disagreement with the course of treatment does not constitute a claim for deliberate indifference to a serious medical need. <u>Snipes v. DeTella</u>, 95 F.3d 586, 591 (7th Cir. 1996) (citations omitted). Plaintiff alleges that he went three weeks without receiving psychotropic medication and alleges no ill effects. According to the Complaint, Plaintiff's alleged suicidal thoughts did not originate until after the physician's assistant refused to re-prescribe the medication. Plaintiff has not alleged any facts that show Defendant John Doe could have been aware of the risk of Plaintiff cutting himself prior to his examination on October 31, 2014. Arguably, the only risk readily apparent at that time was the risk involved with Plaintiff taking unprescribed medications he obtained from other prisoners, which, it appears, the defendant attempted to remedy. Furthermore, Plaintiff's claim that he was refused a referral to a psychiatrist does not rise to the level of constitutional scrutiny. <u>See</u> <u>id.</u> at 592 ("[T]he Constitution is not a medical code

that mandates specific medical treatment."); Pyles v. Fahim, 771 F.3d 403, 411 (7th Cir. 2014) ("A prison physician is not required to authorize a visit to a specialist in order to render constitutionally acceptable medical care."). Plaintiff, therefore, has failed to state a claim against Defendant John Doe.

As to the 14 remaining defendants, the exhibits Plaintiff provided with his Complaint, as well as the allegations contained therein, indicate that each time Plaintiff cut himself, prison staff provided medical care to the Plaintiff. In addition, the only factual allegation against Defendant Amy "Jane Doe" is that she was present during Defendant John Doe's examination of Plaintiff. From the facts alleged, the Court cannot find that the remaining defendants were deliberately indifferent to Plaintiff's serious medical need.

## Failure to Protect

Prison officials have a duty to protect inmates from harm. Farmer, 511 U.S.at 832. This duty includes protecting inmates from self-inflicted harm. Cf. Hall v. Ryan, 957 F.2d 402, 405 (7th Cir. 1992) (prison officials must protect inmate from harm, including known suicidal tendencies). To succeed on a failure to

protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk. Farmer, 511 U.S. at 834.

Plaintiff alleges that Defendants Aramovich, Emery, Jurgens, Mayo, O'Neil, Nolan, and Coash failed to protect him from inflicting self-harm by not immediately granting Plaintiff's requests to be placed into a restraint chair. Plaintiff also alleges that Defendants Brown, Lesage, and Voss "turned a blind eye" to his situation and, therefore, were deliberately indifferent. According to the Complaint and the exhibits submitted, the Defendants notified supervisors of Plaintiff's ongoing situation, provided prompt first aid, removed potentially harmful items from Plaintiff's cell, secured Plaintiff in a restraint chair, and placed Plaintiff on suicide watch, when appropriate. From this record, the Court cannot say that the Defendants were deliberately indifferent.

Plaintiff alleges that Defendants Schultz (Assistant Chief of Corrections), Kolitwenzew (Chief of Corrections), and Bukowski (Sheriff) were deliberately indifferent because the jail did not have "licensed mental health staff" at the jail. Plaintiff acknowledges that

the jail had a physician's assistant and psychological social worker available. Plaintiff does not allege any specific personal involvement on the part of these defendants, and they cannot be held liable under a theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (government officials cannot be held liable "for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

## Temporary Restraining Order/Preliminary Injunction

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); accord Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." Foodcomm Int'l v Barry, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms

that could be caused to either party. Incredible Tech., Inc. v. Virtual Tech., Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); see also Westefer, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. American Hospital Ass'n v Harris, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an

affirmative act by the defendant, as a mandatory preliminary injunction. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. Id. (citing Jordan v. Wolke, 593 F.2d 772, 774 (7th Cir. 1978)).

As discussed above, Plaintiff's allegations and attached exhibits do not show that Plaintiff has a reasonable likelihood of success on the merits. Therefore, Plaintiff has not satisfied the first prong of the analysis, and Plaintiff's Motion for a Temporary Restraining Order is denied.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff is not constitutionally entitled to the relief he seeks. This case is therefore terminated. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. Plaintiff's Motion for a Temporary Restraining Order [5] is DENIED. All other pending motions are DENIED as moot.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:     March 5, 2015

FOR THE COURT:

    *s/Sue E. Myerscough*
    SUE E. MYERSCOUGH
  UNITED STATES DISTRICT JUDGE